**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

BRION NAZZARO

    Plaintiff,

v.

WORLD REMIT CORP.

    Defendant.

---

**COMPLAINT**

---

Brion Nazzaro, through his attorney, Paul Maxon, brings this lawsuit for violation of the Family and Medical Leave Act. His allegations are as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Brion Nazzaro is a Colorado resident who lives in Lone Tree, Colorado. At all relevant times, he was a resident of this state.

2. Defendant is a Delaware corporation that regularly conducts business within the State of Colorado, with offices in the City of Denver.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1343, and this action is authorized and instituted pursuant to 29 U.S.C. § 626(c).

4. Venue is proper in this Court as the unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the District of Colorado.

## **FACTUAL ALLEGATIONS**

5. Mr. Nazzaro began working for Defendant in 2014 as its Chief Compliance Officer. His performance in that role was exceptional, and in 2015 he was promoted to Group Compliance Officer. Based on his strong performance, he was regularly granted awards under Defendant's stock program and every year until his last, Defendant paid him 100% of his target bonus.

6. In 2017, Mr. Nazzaro and his wife had their first child, a son. Following his birth, Mr. Nazzaro took paternity leave in accordance with company policy, but nevertheless continued to work from home. Following Mr. Nazzaro's return to the office, he was told by his then supervisor Catherine Wines that she and Ishmail Ahmed, Defendant's CEO, were not happy with the amount of leave he had taken.

7. In early 2018, Mr. Nazzaro and his wife learned that they were expecting a second child, a daughter, who was due on the 25th of October. On July 16, concerned about the response he had received when he last took paternity leave, Mr. Nazzaro approached Amanda Koplin, Defendant's human resources manager, to inquire about leave under the Family and Medical Leave Act ("FMLA"). She responded by telling him that he was not eligible. Contemporaneously, Mr. Ahmed asked him to agree to work eight hours per week after his leave began.

8. On July 20, 2018, Mr. Nazzaro sent an email to Mr. Ahmed explaining that he would take his paternity leave in two parts: a short leave in October immediately after his daughter's birth, and a longer one beginning at the end of the year and lasting through March of 2019. Based on Mr. Ahmed's request, and Ms. Koplin's claim that he was

2

not eligible for FMLA leave, he stated that he would work eight hours per week during his leave.

9. Contemporaneously, and despite Defendant's initial rejection of his request for FMLA leave, Mr. Nazzaro researched the issue on his own, and learned that he was eligible under the statute for leave related to the upcoming birth of his daughter. Thus, on September 18, 2018, he applied for FMLA leave through ADP, Defendant's parent corporation. On September 24, acting through ADP, Defendant approved Mr. Nazzaro's initial leave request.

10. On October 21, Mr. Nazzaro's daughter was born, and he began his FMLA leave that day.

11. On October 23, 2018, while he was on leave, Mr. Ahmed was replaced by Breon Corcoran as Defendant's CEO, although the former continued to work for the company in a different capacity.

12. On November 5, 2018, Mr. Nazzaro returned to work. That same day, Tamer El Amary, Defendant's Chief Commercial Officer, requested that he change his upcoming FMLA leave to travel to London in January. Mr. Amary informed Mr. Nazzaro that this travel was required. Shortly after this exchange, Mr. Corcoran also requested that Mr. Nazzaro travel to London in December.

13. On or about December 7, Mr. Nazzaro submitted his leave paperwork to Defendant, through ADP, for the second portion of his FMLA leave.

14. On December 11, 2018, only days after his second FMLA request, Mr. Nazzaro had dinner with Mr. Corcoran, who informed him that he was considering moving Mr.

Nazzaro's position to London. At dinner the following evening, Mr. Ahmed told Mr. Nazzaro that no final decision had been made.

15. On December 14, 2018, acting through ADP, Defendant approved the second portion of Mr. Nazzaro's FMLA leave, to begin at the end of the month. In approving his leave request, Defendant acknowledged that he was "eligible for FMLA leave," and that it understood that he "*must be reinstated to the same or an equivalent job*," following the expiration of his leave in March.

16. On December 26, 2018, Mr. Nazzaro resumed his FMLA leave, but reluctantly continued to work eight hours per week, per Defendant's requirement. On January 9, 2019, only 13 days after his leave began, and in direct contradiction of Defendant's acknowledgment that, under the FMLA, he "must be reinstated," Mr. Corcoran informed him that he was going to post his job and seek a replacement.

17. On January 20, 2019, although he had asked to be on leave, Mr. Nazzaro again traveled to London at Defendant's request. On the 24th, he again spoke to Mr. Corcoran, and told him that he did not want to work while on leave. Mr. Corcoran responded that he should continue working.

18. On January 25, Mr. Nazzaro resumed his FMLA leave. On January 29, only four days later, Caroline Martin, Defendant's Chief People Officer, sent him an email informing him that his employment was going to be terminated following the expiration of FMLA leave in March, and that prior to then he was required to continue to work eight hours per week.

19. On March 1, 2019, Defendant was to have paid Mr. Nazzaro's bonus. That day came and went, and Defendant paid him nothing, while his peers received their bonuses. On March 15, after he made a complaint, Defendant paid him only 80% of his target bonus, the first time it had ever paid him less than the full amount.

## CAUSE OF ACTION:
## FAMILY AND MEDICAL LEAVE
## THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. §§ 2601-2654; 29 U.S.C. § 2612(a)(1)

20. As a former employee of Defendant, Mr. Nazzaro is a qualified employee under the statute.

21. As the father of a newborn, Mr. Nazzaro qualified for FMLA leave.

22. Mr. Nazzaro availed himself of a protected right under the FMLA by requesting and taking medical leave.

23. In retaliation for Mr. Nazzaro's request for medical leave, Defendant subjected him to adverse employment actions, including: the termination of his employment, delaying his bonus, and not paying him the full amount of his bonus.

24. Defendant discriminated against Mr. Nazzaro for taking medical leave by terminating his employment, delaying his bonus, and not paying him the full amount of his bonus.

25. By requiring him to work and travel during his requested leave time, and failing to reinstate him, Defendant interfered with Mr. Nazzaro's medical leave and his rights under the FMLA.

26. There was a causal connection between Mr. Nazzaro's exercise of his rights under the FMLA and Defendant's adverse actions.

27. Mr. Nazzaro has been injured as a result of Defendant's actions or lack thereof.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and award him all relief as allowed by law, including, but not limited to, the following:

a. Actual economic damages as established at trial;

b. Compensatory damages including, but not limited to, those for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

c. Punitive damages;

d. Pre-judgment and post-judgment interest at the statutory rate;

e. Attorneys' fees, costs and expenses; and

f. Such further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 31st day of July, 2019.

> s/ Paul Maxon
> Paul Maxon (Atty. Reg. # 37251)
> The Law Office of Paul Maxon, P.C.
> 4450 Arapahoe Avenue
> Boulder, CO 80303
> Telephone: (303) 473-9999
> Fax: (303) 415-2500
> E-mail: paulmaxon@maxonlaw.com
> Attorney for Plaintiff